UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN REGIONAL COUNCIL OF
CARPENTERS – DETROIT & VICINITY,
CARPENTERS PENSION TRUST FUND;
RICH WILLIAMSON AND
THOMAS WOODBECK, Trustees,

      Plaintiffs,

v.

UNITED MILL AND CABINET
COMPANY, a Michigan corporation,

      Defendant.

Case No.:

Hon.

_____

NOVARA TESIJA CATENACCI MCDONALD & BAAS, PLLC
Paul M. Newcomer (P44501)
Attorney for Plaintiffs
888 W. Big Beaver Road, Suite 600
Troy, MI  48084
(248) 354-0380
pmn@novaralaw.com
_____

## COMPLAINT

Plaintiffs, the Michigan Regional Council of Carpenters – Detroit & Vicinity, Carpenters Pension Trust Fund, and Rich Williamson and Thomas Woodbeck, two of its present Trustees, for a cause of action against the Defendant, United Mill and Cabinet Company, a Michigan corporation, allege:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") *as amended* by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001, *et seq.*, (1982). This Court has jurisdiction under sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(3)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that Plaintiff Pension Fund is administered at its principal place of business in Troy, Michigan.

## PARTIES

4. Plaintiff the Michigan Regional Council of Carpenters, Detroit & Vicinity, Carpenters Pension Trust Fund ("Pension Fund") is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). Plaintiff Trustees are among the present trustees of the Pension Fund who are collectively the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The

Trustees administer the Pension Fund at 700 Tower Drive, Suite 300, Troy, Michigan, 48089.

5. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund and its participants and beneficiaries for the purpose of collecting withdrawal liability.

6. Defendant United Mill and Cabinet Company ("UMC") is a Michigan corporation which for all relevant times had its principal place of business located in the State of Michigan at 8842 Bunton Road, Willis, Michigan, 48191.

## CLAIM FOR RELIEF

7. UMC, and all other trades or businesses under common control with UMC ("the UMC controlled group") constitute a single employer within the meaning of section 4001(b)(1) of EIRSA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

8. The UMC controlled group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

9. UMC was subject to a collective bargaining agreement, executed between itself and a Local Union of the Michigan Regional Council of Carpenters – Detroit & Vicinity, under which UMC was required to make contributions to the Pension Fund on behalf of certain of its employees.

10. The Pension Fund has determined that on or about July 1, 2020, UMC permanently ceased to have an obligation to contribute to the Pension Fund and, thereafter, no member of the UMC controlled group was contributing or was obligated to contribute to the Pension Fund.

11. The Pension Fund determined that the UMC controlled group effected a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1583.

12. As a result of the complete withdrawal, all entities constituting the UMC controlled group, including Defendant UMC, incurred withdrawal liability to the Pension Fund in the amount $516,152.00, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1581(b).

13. On or about August 20, 2021, the UMC controlled group, through Defendant UMC, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1482(2) and 1399(b)(1). The notice and attached schedules notified the UMC controlled group that it was required to satisfy its liability in either a lump sum payment made on or before October 20, 2021, or in accordance with a schedule of amortized payments (commencing on October 20, 2021) that accompanied the notice and demand.

14.     On or about November 8, 2021, the UMC controlled group, through Defendant UMC, received a notice from the Pension Fund, pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), that its withdrawal liability payments were past due, and which forewarned the UMC controlled group of the consequences of its failure to make required payments.

15.     The UMC controlled group, including Defendant UMC, did not timely initiate arbitration with respect to the assessment as required pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amount demanded by the Pension Fund is now deemed "due and owing" pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

16.     The members of the UMC controlled group, including Defendant UMC, have failed make required withdrawal liability payments to the Pension Fund and are in default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

17.     The members of the UMC controlled group, including Defendant UMC, are jointly and severally liable to the Pension Fund for the withdrawal liability assessed and defaulted.

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment against Defendant UMC and the UMC controlled group, jointly and severally, and for Plaintiffs pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for –

(1) $516152.00 in withdrawal liability;

(2) accrued and owing interest at the Pension Fund's funding interest rate on the withdrawal liability;

(3) an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability, whichever is greatest, and

(4) reasonable attorneys' fees and actual costs incurred in prosecuting this action;

(b) That this Court retain jurisdiction of this cause pending compliance with its orders, and

(c) For such further or different relief as the Court may deem just and proper.

Respectfully submitted,

NOVARA TESIJA CATENACCI
MCDONALD & BAAS PLLC

*/s/Paul M. Newcomer*
Paul M. Newcomer (44501)
Attorneys for Plaintiffs
888 W. Big Beaver Road, Suite 600
Troy, MI  48084
(248) 354-0380
pmn@novaralaw.com

Dated: January 10, 2022